**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ROBERT L. JARAMILLO, | ) | No. CIV 00-0936-PHX-SMM |
| Petitioner, | ) ) | **ORDER** |
| vs. | ) ) | |
| DORA B. SCHRIRO, et al., | ) ) | |
| Respondents. | ) ) | |
| _____ | ) | |

Pending before the Court is Petitioner's Request for Leave of Court to File his Amended Petition for Writ of Habeas Corpus. (Dkt. 212.) Specifically, Petitioner requests permission to "amend his Petition for writ of habeas corpus based on *this Court's* erroneous introduction into evidence against Petitioner [of] written police reports of DOC Officer Bobby Warren in violation of Petitioner's constitutional right under the Confrontation Clause by failing to strike the report of Bobby Warren." (Id. at 2, emphasis added.) As set forth below, this Court denies Petitioner's request.

**PROCEDURAL BACKGROUND**

On May 16, 2000, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. §2254 asserting that his guilty plea was unlawfully induced and not voluntarily made because the prosecution failed to disclose the existence of a witness, Wayne Graham, in violation of Brady (the "Petition"). (Dkt. 1.) On December 6, 2001, this Court denied Petitioner's Petition on the grounds that his Brady claim was procedurally defaulted for failure to exhaust in the Arizona state courts. (Dkt. 12.) On December 18, 2001, this Court denied Petitioner's Request

for a Certificate of Appealability.  (Dkt. 15.)  On August 13, 2002, the Ninth Circuit granted Petitioner a Certificate of Appealability (dkt. 18) and appointed him counsel.

On August 20, 2003, the Ninth Circuit Court of Appeals reversed the judgment of this Court and remanded for further proceedings in Jaramillo v. Stewart, 340 F.3d 877 (9th Cir. 2003).  The Ninth Circuit held that Petitioner has alleged newly discovered evidence that, if credible, raises a sufficient doubt about his guilt such that he may be "actually innocent" of the charged crime under the standard of Schlup v. Delo, 513 U.S. 298 (1995).  The Court of Appeals focused on the specific issue of "whether Jaramillo's claim of actual innocence is sufficient to require a hearing before the district court to determine whether the facts justify consideration of the merits of the constitutional claim, despite the procedural default." Jaramillo, 340 F.3d at 878.  Citing Graham's undisclosed testimony and the autopsy report,[1] the Ninth Circuit answered this query in the affirmative and remanded the case for this Court to conduct an evidentiary hearing on the issue.  In Jaramillo, the Ninth Circuit also identified the principal purpose of the evidentiary hearing as the determination of the credibility of the proffered evidence, in particular Graham's affidavit.[2]

Pursuant to the Ninth Circuit Court of Appeals' order in Jaramillo v. Stewart, 340 F.3d 877, this Court held an evidentiary hearing on August 16-19, 2005, to determine whether Petitioner's procedurally defaulted Brady claim may be reviewed on the merits under the "actual innocence" exception of Schlup v. Delo, 513 U.S. 298 (1995).

On September 19, 2005, this Court issued an Order denying Petitioner's Petition for Writ of Habeas Corpus.  (Dkt. 189.)  After consideration of all the evidence presented at the

---

[1] The Ninth Circuit stated: "Jaramillo has presented sufficient evidence, if credible, to support a finding that he is actually innocent of first degree murder. Foremost is the previously undisclosed testimony of Graham, who provided a declaration stating that Abeyta initiated the attack, that Jaramillo wrested the shank from Abeyta, and that he stabbed Abeyta in self-defense. The second item of proof offered is the autopsy report." Jarmillo, 340 F.3d at 883.

[2] The Ninth Circuit stated "There remains a question of the credibility of the proffered evidence. . . . A remand for an evidentiary hearing would allow the parties to develop the factual record . . . . The district court is in the best position to observe the witnesses, including Graham . . . under cross-examination, together with the other evidence available, and to make the ultimate credibility determinations." Id.

evidentiary hearing, this Court found that Petitioner's procedurally defaulted Petition must be denied as a matter of law because Petitioner did not produce sufficient evidence that he is actually innocent of murder.

Specifically, this Court found:

(1) neither Wayne Graham nor his affidavit are credible;

(2) Petitioner did not act in self-defense;

(3) Petitioner failed to offer any credible newly presented evidence in support of his actual innocence claim; and

(4) there is overwhelming factual, forensic and circumstantial evidence by which a reasonable jury would find Petitioner guilty of capital first degree murder.

On November 11, 2005, Petitioner filed a Request for Certificate of Appealability from the Court's Order dated September 19, 2005. (Dkt. 205.) Among other things, Petitioner argued that he should be permitted to appeal the Court's order because reasonable jurists could conclude that he was deprived of his rights under the Confrontation Clause when this Court failed to apply the principles set forth in Crawford v. Washington, 541 U.S. 36 (2004), during the course of his evidentiary hearing.

In a lengthy, fifteen-page Memorandum of Decision issued on February 17, 2006, this Court denied Petitioner's Request for a Certificate of Appealability. (Dkt. 207.) With respect to the claim that Petitioner now seeks to add to his Petition, the Court specifically rejected his argument that reasonable jurists could conclude this Court deprived him of his rights under the Confrontation Clause by failing to strike the report of Bobby Warren under the principles espoused in Crawford v. Washington, 541 U.S. 36 (2004). This contention was rejected for four, separate reasons.

First, this Court determined that issues concerning the application of Crawford and Petitioner's Sixth Amendment right were not before the Ninth Circuit in Jaramillo v. Stewart, 340 F.3d 877 (2003), as Crawford had not yet been decided at that time. (Dkt. 207 at 8.) Likewise, this Court explained that the Crawford issue was not addressed in its Order denying his Petition, because that Order addressed only this Court's findings after the evidentiary

hearing conducted (pursuant to the specific instructions of the Ninth Circuit Court of Appeals) to determine whether Petitioner's procedurally defaulted Brady claim could be reviewed on the merits under the "actual innocence" exception. See id.; dkt. 189.  The Court also noted Petitioner's concession that these issues were not properly before the Court, by requesting permission to side-step the proper procedural avenues for litigating any Crawford claim. Id.

Second, notwithstanding these procedural hurdles, the Court also determined that Petitioner waived his Confrontation Clause rights when he pled guilty in Pinal County Superior Court. See United States v. Mezzanatto, 513 U.S. 196, 201, 115 S.Ct. 797, 801 (1995) (citing Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712 (1969)).  The record demonstrates that Petitioner filed a motion with the state court to have the grand jury transcript and 89-page packet (that contained Officer Warren's report) constitute the factual basis for his guilty plea. See dkt. 172 at 2.  The Court further finds, as it did in its Order dated August 9, 2005, that: 1) Petitioner signed his initials on the motion to have these documents form the factual basis of his guilty plea; 2) Petitioner confirmed to the court that he initialed the motion; 3) Petitioner avowed to the court that he had reviewed all of the documents and knew their contents; 4) Petitioner's attorney confirmed that Petitioner had reviewed the documents in his presence; and 5) the state court repeatedly confirmed with Petitioner that his intent was to have these documents serve as the factual basis of his guilty plea. See id. at 7-8.  Based on these facts, this Court found that Petitioner knowingly and intelligently waived his rights under the Sixth Amendment to confront his accuser. See dkt. 207 at 8-9.

Third, this Court noted, as it did in its Order dismissing Petitioner's Petition, that this is a civil habeas corpus proceeding and the Confrontation Clause of the Sixth Amendment applies to criminal prosecutions; therefore, the Confrontation Clause is inapplicable to this civil habeas corpus proceeding. Id. at 9.  In doing so, this Court also rejected Petitioner's argument that the Sixth Amendment should have been applied to the evidentiary hearing based on the Supreme Court's language in O'Neal v. McAnich, 513 U.S. 432, 115 S.Ct. 992 (1995), that "[u]nlike the civil cases cited by the State, the errors being considered by a habeas court occurred in a criminal proceeding and therefore although a habeas is a civil proceeding, someone's custody,

1 rather than mere civil liability, is at stake." Id. at 440.  This Court noted, however, that the
2 Supreme Court in O'Neal was addressing an error that had occurred during the petitioner's
3 criminal trial.  Here, by contrast, Petitioner alleged that the Court committed an error when it
4 failed to strike a report from a civil habeas evidentiary hearing.  Significantly, Petitioner did
5 not, and could not allege that error occurred during his trial as Petitioner did not stand trial.
6 Thus, this Court found Petitioner's reliance on O'Neal to be misplaced.  See Dkt. 207 at 9.

7 For all three of these reasons, this Court specifically determined that Petitioner had failed
8 to demonstrate reasonable jurists could debate it was error to decline to apply Crawford to the
9 Evidentiary Hearing.  Id.

10 On March 1, 2006, one week after this Court denied Petitioner's Request for a Certificate
11 of Appealability, Petitioner  filed a Request for Certificate of Appealability with the Ninth
12 Circuit Court of Appeals.  See Jaramillo v. Schriro, et al., No. 06-15334.  On September 11,
13 2006, the Ninth Circuit summarily denied Petitioner's request for a Certificate of Appealability,
14 terminated his appeal, and further denied all "outstanding motions."  (Dkt. 211.)

15 **DISCUSSION**

16 On October 19, 2006, Petitioner filed the instant Request for Leave to File an Amended
17 Habeas Petition based upon his claim that the admission of Officer Warren's report at the actual
18 innocence evidentiary hearing violated his rights under the Confrontation Clause of the Sixth
19 Amendment.  (Dkt. 212 at 2.)  In support of his request, Petitioner cites Bockting v. Bayer, 399
20 F.3d 1010 (9th Cir. 2005), which holds that the Supreme Court's decision in Crawford applies
21 retroactively.

22 This Court denies Petitioner's Request for Leave to File an Amended Habeas Petition
23 for two reasons.  First, Petitioner contends the alleged Crawford error occurred during *federal*
24 *court proceedings* prior to the actual innocence evidentiary hearing.  See Dkt. 212 at 2.
25 Petitioner's instant Petition was filed under 28 U.S.C. § 2254, which was enacted to redress
26 violations of federal law by state courts.  See 28 U.S.C. § 2254.  Thus, Petitioner may not
27 amend his § 2254 Petition – which previously alleged a state court violation of his Brady rights
28 during criminal proceedings in Pinal County Superior Court – to add a Confrontation Clause

- 5 -

1  claim arising out of this Court's rulings prior to and during the actual innocence evidentiary
2  hearing. In other words, Petitioner's §2254 Petition cannot be amended to add a claim arising
3  from the rulings of this federal Court in a collateral proceeding.
4        Second, the doctrines of law of the case and collateral estoppel prevent Petitioner from
5  raising this Confrontation Clause claim for a <u>fourth</u> time. This Court specifically rejected
6  Petitioner's <u>Crawford</u> challenge to Officer Warren's report prior to the evidentiary hearing and
7  when it denied Petitioner's Certificate of Appealability. <u>See</u> dkts. 172 at 5-6; 207 at 8-9.
8  Presumably, Petitioner also raised this argument in his Request for Certificate of Appealability
9  filed with the Ninth Circuit Court of Appeals, which was denied. <u>See</u> Dkt. 211. The instant
10 motion presents the fourth time Petitioner has raised – and this Court (and possibly another
11 Court) has rejected – his Confrontation Clause argument.
12       Accordingly,
13       **IT IS HEREBY ORDERED DENYING** Petitioner's Motion for Leave of Court to File
14 his Amended Petition for Writ of Habeas Corpus. (Dkt. 212.)
15       DATED this 4th day of December, 2006.

_____
Stephen M. McNamee
United States District Judge